# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JAMES KALAN HENRY                                                                                    PLAINTIFF
ADC #144396

v.                                            4:17CV00162-JM-JJV

LONOKE COUNTY
SHERIFF OFFICE; *et al*.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    BACKGROUND

James Kalan Henry ("Plaintiff") is incarcerated at the Lonoke County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 4.) Plaintiff's original Complaint contained only bare allegations. (Doc. No. 2 at 4.) I cautioned Plaintiff that his Complaint was deficient and offered him an opportunity to file a superseding amended complaint. (Doc. No. 3 at 3.) Plaintiff has now filed an Amended Complaint. (Doc. No. 4.) Upon careful review of the Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.    SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**III.   ANALYSIS**

As an initial matter, I note the allegations in Plaintiff's Amended Complaint: (1) he has been discriminated against based on his charge by being placed in "the hole"; (2) he has been denied visitation privileges; (3) he has been denied proper hygiene; (4) he has been exposed to human feces; (5) he was subjected to cruel and inhumane treatment when his cell flooded; (6) he has been forced to wear the same clothes for two to two-and-a-half weeks in violation of laundry rules; (7) his grievances have not been answered; and (8) his calculation sheet for his motion to proceed *in forma pauperis* was not returned. (Doc. No. 4 at 4-6.) Plaintiff has alleged multiple unrelated claims which are unsuited to prosecution in a single action against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2). Allowing all of Plaintiff's unrelated claims to proceed in this single cause of action would be contrary to the Federal Rules of Civil Procedure and defeat the "strike" and filing fee provisions of the PLRA. Therefore, I will analyze only his first claim alleging discrimination based on his charge and recommend summary dismissal of all other claims. Plaintiff, if he chooses, may file separate causes of action for these other claims.

Plaintiff states he was arrested for "failure to comply with registration." (Doc. No. 4 at 4.) He alleges Defendant Steve Lopez, Jail Administrator, placed him in "the hole," where he is locked down twenty-three hours per day and is not allowed to cut his hair, visit with family, or do "any thing else all other pods are allowed to do." (*Id*.) Plaintiff claims this constitutes discrimination based on his charge because he has been incarcerated at the Lonoke County Detention Facility three times on the same charge and has never been placed in the hole before.[1] (*Id*.) I construe this allegation as a due process claim under the Fourteenth Amendment. I note Plaintiff's Amended Complaint states he is in custody "serving a sentence as a result of a judgment of conviction." (*Id.* at 3.) I have also reviewed the Arkansas Department of Correction website and it reports Plaintiff is in the Lonoke County jail awaiting placement in the ADC.[2] Therefore, he is not a pretrial detainee and his placement in segregation generally implicates a liberty interest only when it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The conditions Plaintiff describes in his Amended Complaint, including twenty-three hour lockdown and suspension of certain privileges, do not rise to the level of an atypical and significant hardship. *See Ballinger v. Cedar Cty., Mo.*, 810 F.3d 557, 562 (8th Cir. 2016) (approximately one year in administrative segregation, with complete isolation from the general population and limited access to showers, social interaction, a telephone, and exercise, was not an atypical and significant hardship); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship); *Driscoll v. Youngman*, 1997 U.S. App.

---

[1] I note the inconsistency of Plaintiff's position: if he was indeed placed in the hole based on his charge, it seems he would have been placed in the hole each time he was incarcerated on that charge.

[2] http://adc.arkansas.gov/inmate_info/search.php

LEXIS 26232, 1997 WL 581072 (8th Cir. 1997) (per curiam) (unpublished decision) (135 days in disciplinary and administrative segregation without "meaningful exercise, natural light, and adequate time in the library" was not an atypical and significant hardship). Furthermore, the United States Court of Appeals for the Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). In accordance with these authorities, Plaintiff has failed to state a viable due process claim.

Finally, I note Plaintiff does not name the Lonoke County Sheriff Office as a defendant in his Amended Complaint. (Doc. No. 4 at 1-2.) Accordingly, it is no longer a party to this action.

IV.  **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.  Lonoke County Sheriff Office be dismissed as a Defendant.

2.  Plaintiff's Amended Complaint (Doc. No. 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

3.  Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

4.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 31st day of March, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."